UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JESUS E. SOTO DIAZ

    Plaintiffs

    v.                               CIVIL NO. 97-2123 (DRD)

WARNER-LAMBERT, INC.

    Defendants

The Court hereby rules as follows:

| Docket No. | Ruling | Title and Date |
|---|---|---|
| 38 | MOOT | Motion to Compel Compliance with Order of Payment of Sanctions by Plaintiff to Defendant - September 9, 1999: |

*See adjudication of Docket No. 40*

| | | |
|---|---|---|
| 40 | GRANTED | Motion Requesting Order Regarding Payment of Sanctions - September 22, 1999: |

*On September 15, 1999, Plaintiff deposited with the Clerk of the Court the sum of $500.00 in payment of the sanctions imposed by the Court's Order of August, 13, 1999 (Docket No. 37). See Docket No. 39. The Court's Order, however, specified that the sanction was to be paid by Plaintiff to Defendant. Accordingly, the Court orders the Clerk of the Court to remit to Defendant Warner-Lambert the aforementioned amount.*

| | | |
|---|---|---|
| 41, 43, 45, 46 and 50 | GRANTED | Plaintiff's requests for enlargements of time to oppose Defendant's Supplemented Motion for Summary Judgment - October 6, 1999; November 15, 1999; November 22, 1999; November 22, 1999' and November 23, 1999 |

*Although Defendant has repeatedly opposed Plaintiff's requests for extensions of time, Defendant has failed to address Plaintiff's*

N \98-1289B.ORD



> *allegation that Defendant contributed to Plaintiff's delay by failing to timely serve transcripts which were relevant to Plaintiff's opposition. Defendant has also failed to discuss how granting Plaintiff's requests for extensions will unduly delay adjudication of the instant case or unreasonably burden Defendant, particularly given that the sum of all requested extensions was barely above thirty (30) days and that these extensions where requested, at least in part, to allow for the taking of relevant depositions. Finally, Defendant has failed to demonstrate that Plaintiff's failure to comply with the Court's deadlines is so grave as to warrant a decision to strike Plaintiff's opposition. Accordingly, the Court exercises its discretion to modify case-management orders and grants Plaintiff's requests for extensions of time. See In re Villa Marina Yacht Harbor, Inc., 984 F.2d 546, 548 (1st Cir. 1993); Ayala Gerena v. BristolMyers Squibb Co., 95 F.3d 86 (1st Cir. 1996).*

52     GRANTED     Plaintiff's Request for an Enlargement of Time of 30 Days to Submit Certified English Translations of Exhibits, November 24, 1999:

> *Plaintiff must file the above-referenced translations within five (5) days. Failure to comply will result in the Court's consideration of Plaintiff's opposition as being filed without the accompanying documents. See Local Rule 108 (1) (translation of documents filed).*

IT IS SO ORDERED.

DATE: April 19, 2000

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N:\98-1289B.ORD